**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10106
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

[*Additional Counsel on Signature Page*]

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX VASQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VENETIAN LAS VEGAS GAMING, LLC,<br><br>Defendant. | Case No. 5:25-cv-07934-PCP<br><br>**PLAINTIFF'S NOTICE OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     July 30, 2026<br>Time:     10:00 a.m.<br>Courtroom:  8<br>Judge:    Hon. P. Casey Pitts |

MOTION FOR PRELIMINARY APPROVAL
CASE NO. 5:25-cv-07934-PCP

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 30, 2026, at 10:00 a.m., or another time the Court deems more convenient, in Courtroom 8 on the 4th Floor of the Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, the Honorable P. Casey Pitts presiding, Plaintiff Max Vasquez ("Plaintiff"), by and through his undersigned counsel of record, will and hereby does move, pursuant to Fed. R. Civ. P. 23(e), for the Court to: (i) grant preliminary approval of the proposed Class Action Settlement Agreement and Release (the "Settlement Agreement") submitted herewith; (ii) provisionally certify the Settlement Classes for the purposes of preliminary approval, designate Plaintiff as the Class Representative, and appoint the undersigned as Class Counsel; (iii) establish procedures for providing notice to members of the Settlement Classes; (iv) approve forms of notice to Settlement Class Members; (v) mandate procedures and deadlines for exclusion requests and objections; and (vi) set a date, time, and place for a Final Approval Hearing (the "Motion").

This Motion is made on the grounds that the terms of the proposed Settlement Agreement are fair, reasonable, and adequate, and that preliminary approval of the Settlement is therefore proper because each requirement of Rule 23(e) has been met. Accordingly, Plaintiff requests that the Court enter the accompanying [Proposed] Order Preliminarily Approving the Proposed Class Action Settlement, Scheduling Hearing for Final Approval Thereof and Approving the Proposed Form and Plan of Class Notice (the "[Proposed] Preliminary Approval Order").

The Motion is based on the accompanying Memorandum of Law; the Declaration of Stefan Bogdanovich (the "Bogdanovich Decl.") and the exhibits attached thereto, including the Settlement Agreement; the Declaration of Cameron R. Azari (the "Azari Decl.") of Epiq Class Action & Claims Solutions, Inc. ("Epiq"); the [Proposed] Preliminary Approval Order; the pleadings and papers on file in this case; and such evidence and argument as the Court may consider at any hearing on this Motion.

Dated:  June 24, 2026

**BURSOR & FISHER, P.A.**

By:  */s/ Stefan Bogdanovich*

Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10106
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Kyle D. Gordon (*admitted pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: kgordon@bursor.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**PAGE(S)**

I.     INTRODUCTION ..............................................................................................................1

II.    PROCEDURAL AND FACTUAL BACKGROUND ...............................................3

III.   TERMS OF THE SETTLEMENT ............................................................................4

IV.    PRELIMINARY APPROVAL IS APPROPRIATE .................................................4

     A.    The Proposed Settlement Is Fair, Reasonable, and Adequate ...................................5

         1.    The Strength of Plaintiff's Case ......................................................................6

         2.    The Risk, Expense, Complexity, and Likely Duration of Further Litigation................................................................................................8

         3.    The Risk of Maintaining Class Action Status Throughout the Trial ...............................................................................................................9

         4.    The Amount Offered in Settlement .................................................................9

         5.    The Extent of Discovery Completed and the State of the Proceedings...................................................................................................10

         6.    The Experience and Views of Counsel .........................................................10

         7.    The Presence of a Governmental Participant ...............................................11

         8.    The Reaction of the Class Members to the Proposed Settlement.....................................................................................................11

         9.    The Settlement Was the Product of Arm's-Length Negotiations...............................................................................................11

     B.    Conditional Certification of the Rule 23 Class Is Appropriate ...............................12

         1.    The Settlement Classes Are Sufficiently Numerous ....................................13

         2.    There Are Common Questions of Law and Fact...........................................13

         3.    The Class Representative's Claims Are Typical of Those of Other Settlement Class Members .................................................................14

         4.    The Class Representative and Class Counsel Adequately Represent the Settlement Class Members .....................................................14

5.    The Settlement Classes Meet the Requirements of Rule
23(b)(3) Because Common Issues of Law and Fact
Predominate ............................................................................................. 15

V.    THE PROPOSED NOTICE PROGRAM SHOULD BE APPROVED ............................... 16

VI.    THE COURT SHOULD SET SETTLEMENT DEADLINES AND
SCHEDULE A FINAL APPROVAL HEARING ................................................................. 18

VII.    CONCLUSION ...................................................................................................................... 19

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Abat v. Chase Bank USA, N.A.*,
2011 WL 13130637 (C.D. Cal. July 11, 2011) .............................................................. 17

*Abdullah v. U.S. Sec. Assocs., Inc.*,
731 F.3d 952 (9th Cir. 2013) ........................................................................................ 13

*Abdullah v. U.S. Sec. Assocs., Inc.*,
574 U.S. 815 (2014) ...................................................................................................... 13

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ............................................................................................. 14, 15, 16

*Carlotti v. ASUS Computer Int'l*,
2019 WL 6134910 (N.D. Cal. Nov. 19, 2019) .............................................................. 10

*Ching v. Siemens Indus., Inc.*,
2014 WL 2926210 (N.D. Cal. June 27, 2014) ............................................................. 8, 9

*Churchill Vill., LLC v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ........................................................................................ 18

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) ........................................................................................ 4

*Collins v. Cargill Meat Sols. Corp*,
274 F.R.D. 294 (E.D. Cal. 2011) .................................................................................. 18

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) .......................................................................... 7

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) ........................................................................................ 14

*Frasco v. Flo Health, Inc.*,
349 F.R.D. 557 (N.D. Cal. 2025) .................................................................................... 9

*General Tel. Co. v. Falcon*,
457 U.S. 147 (1982) ...................................................................................................... 15

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ...................................................................................... 14

*Haralson v. U.S. Aviation Servs. Corp.*,
383 F. Supp. 3d 959 (N.D. Cal. 2019) ............................................................................ 4

*Harris v. Vector Mktg. Corp.*,
2011 WL 1627973 (N.D. Cal. Apr. 29, 2011)................................................................................ 6

*In re AT&T Mobility Wireless Data Servs. Sales Litig.*,
270 F.R.D. 330 (N.D. Ill. 2010) .................................................................................................. 4

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ..................................................................................................... 11

*In re Emulex Corp. Sec. Litig.*,
210 F.R.D. 717 (C.D. Cal. 2002)............................................................................................... 15

*In re Hyundai & Kia Fuel Econ. Litig.*,
926 F.3d 539 (9th Cir. 2019) ..................................................................................................... 12

*In re Lithium Ion Batteries Antitrust Litig.*,
2018 WL 4215573 (N.D. Cal. Sept. 4, 2018)............................................................................ 13

*In re Meta Pixel Tax Filing Cases Meta Platforms, Inc.*,
2026 WL 1025741 (N.D. Cal. Mar. 30, 2026) ............................................................................ 9

*In re Monumental Life Ins. Co.*,
365 F.3d 408 (5th Cir. 2004)...................................................................................................... 13

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. L*iab. Litig.,
895 F.3d 597 (9th Cir. 2018) ..................................................................................................... 14

*L.B. v. LinkedIn Corp.*,
2025 WL 2899514 (N.D. Cal. Oct. 10, 2025) ............................................................................. 7

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998)................................................................................................. 4, 5

*Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
244 F.3d 1152 (9th Cir. 2001).................................................................................................... 16

*Mazza v. Am. Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012)...................................................................................................... 13

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) ................................................................................................................... 16

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004)............................................................................................ 8, 11

*Noll v. eBay, Inc.*,
309 F.R.D. 593 (N.D. Cal. 2015) ............................................................................................... 17

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
688 F.2d 615 (9th Cir. 1982)................................................................................................... 4, 5

*Otsuka v. Polo Ralph Lauren Corp.*,
251 F.R.D. 439 (N.D. Cal. 2008) ...................................................................................... 16

*Powers v. Hamilton County Public Defender Com'n*,
501 F.3d 592 (6th Cir. 2007) ........................................................................................... 13

*Quamina v. JustAnswer LLC*,
721 F. Supp. 3d 1026 (N.D. Cal. 2024) .............................................................................. 7

*Reppert v. Marvin Lumber & Cedar Co.*,
359 F.3d 53 (1st Cir. 2004) .............................................................................................. 16

*Revitch v. New Moosejaw, LLC*,
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) ................................................................... 7

*Silber v. Mabon*,
18 F.3d 1449 (9th Cir. 1994) ........................................................................................... 16

*Snyder v. G6 Hosp. LLC*,
2025 WL 2426613 (C.D. Cal. Aug. 18, 2025) ................................................................... 7

*Spann v. J.C. Penney Corp.*,
314 F.R.D. 312 (C.D. Cal. 2016) ........................................................................................ 6

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ............................................................................................. 4

*Stone v. Howard Johnson Int'l, Inc.*,
2015 WL 13648551 (C.D. Cal. June 15, 2015) ................................................................ 17

*Thomas v. Baca*,
231 F.R.D. 397 (C.D. Cal. 2005) ...................................................................................... 14

*Torres v. Prudential Fin., Inc.*,
2024 WL 4894289  (N.D. Cal. Nov. 26, 2024) ................................................................... 6

*Torres v. Prudential Fin., Inc.*,
2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) ................................................................ 6, 9

*United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union,
AFL-CIO v. ConocoPhillips Co.*,
593 F.3d 802 (9th Cir. 2010) ........................................................................................... 12

*Uschold v. NSMG Shared Servs., LLC*,
333 F.R.D. 157 (N.D. Cal. 2019) .................................................................................... 4, 5

*Villegas v. J.P. Morgan Chase & Co.*,
2012 WL 5878390 (N.D. Cal. Nov. 21, 2012) ................................................................. 12

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ................................................................................................ 15

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
    396 F.3d 96 (2d Cir.) .............................................................................................. 16

*Warner v. Toyota Motor Sales, U.S.A.*, Inc.,
    2016 WL 8578913 (C.D. Cal. Dec. 2, 2016) ......................................................... 17

*Wershba v. Apple Comput., Inc.*,
    110 Cal.Rptr.2d 145 (Ct. App. 2001) ............................................................... 16, 17

*West v. Circle K Stores, Inc.*,
    2006 WL 1652598 (E.D. Cal. June 13, 2006) .......................................................... 6

*Wright v. Linkus Enters., Inc.*,
    259 F.R.D. 468 (E.D. Cal. 2009) ............................................................................. 6

**STATUTES**

28 U.S.C. § 1715 ............................................................................................................ 11

28 U.S.C. § 1715(b) ....................................................................................................... 19

Cal. Penal Code § 631 ................................................................................................. 1, 3

 Cal. Penal Code § 632 ................................................................................................ 1, 3

**RULES**

Fed. R. Civ. P. 23 .................................................................................................. passim

Fed. R. Civ. P. 23(a) ............................................................................................. passim

Fed. R. Civ. P. 23(b) ........................................................................................ 2, 12, 13, 15

Fed. R. Civ. P. 23(c) .............................................................................................. 13, 16, 18

Fed. R. Civ. P. 23(e) ............................................................................................ i, 4, 5, 12

**OTHER AUTHORITIES**

4 NEWBERG ON CLASS ACTIONS § 11:53 ....................................................................... 17

Manual For Complex Litigation § 21.31-311 (4th ed. 2004) .......................................... 18

Senate Bill 690 ............................................................................................................... 8

## I.    INTRODUCTION

Plaintiff Max Vasquez ("Plaintiff"), by and through the undersigned counsel, respectfully submits this memorandum in support of Plaintiff's Motion for Preliminary Approval of the Class Action Settlement. The Settlement Agreement (the "Settlement" or "Settl.")[1] and its exhibits are attached to the Declaration of Stefan Bogdanovich, filed herewith.

Plaintiff alleges Defendant Venetian Las Vegas Gaming, LLC ("Defendant" and together with Plaintiff, the "Parties") disclosed its website users' guest record information and confidential communications to third parties, without permission and in violation of Cal. Penal Code §§ 631-632 (the "California Invasion of Privacy Act" or "CIPA"). *See* Complaint, ECF No. 1 ("Compl.") ¶¶ 2-3. Specifically, Plaintiff alleges that Defendant purposefully installed various tracking technologies into the code of its VenetianLasVegas.com website (the "Website") to aid, employ, agree with, or otherwise enable several third parties (the "Third Parties") to eavesdrop on communications sent and received by Plaintiff and Class Members. As a result, whenever consumers booked rooms to the Venetian through the Website, Plaintiff alleges that these third parties discovered *who* exactly stayed at *which* hotel, *which* suites they stayed in, on *which* dates they came and on *which* dates they left, along with *how* many adults and children they had with them. *Id.* ¶ 2.

As both sides undertook an evaluation of the strengths and weaknesses of their respective litigation positions, including briefing and arguing a motion to dismiss and engaging in a six-hour mediation, the Parties have reached a settlement that provides real and substantial monetary benefit to the Class. Defendant has agreed to pay $1,600,000 to be allocated between two non-reversionary settlement funds. The Booking Settlement Fund provides $931,713.50 from which the approximately 35,159 Booking Settlement Class Members can claim a *pro rata* share, and the Browsing Settlement Fund provides $668,286.50 from which the approximately 996,705 Browsing Settlement Class Members can claim a *pro rata* share. If approved, and assuming a 3% claims rate, which is typical

---

[1] *See* Bogdanovich Decl., **Exhibit 1**. All capitalized terms not otherwise defined herein shall have the same definitions as set out in the Settlement.

for privacy settlements,[2] the Settlement will result in a cash recovery per claim (including administrative costs, attorneys fees and other expenses) of $**475.93** per Booking Settlement Class Member and $**12.02** per Browsing Settlement Class Member. This compares favorably with other common-fund settlements in privacy cases concerning tracking software on websites, as set forth in a chart attached as **Exhibit 2** to the Bogdanovich Declaration. Bogdanovich Decl. ¶ 12.

As with any class action, the Settlement is subject initially to preliminary approval and then to final approval by the Court after notice to the class and a hearing.  Attached as **Exhibit 3** to the Bogdanovich Declaration is an appendix that responds to the specific requirements outlined in Procedural Guidance for Class Action Settlements. Bogdanovich Decl. ¶ 14.

Plaintiff asks the Court to enter an order in the form of the Proposed Preliminary Approval Order, which is attached hereto. That Order will: (1) grant preliminary approval of the Settlement; (2) conditionally certify the Classes, designate Plaintiff as Class Representative, and appoint Bursor & Fisher, P.A. as Class Counsel; (3) appoint Epiq as the Settlement Administrator and establish procedures for giving notice to members of the Classes; (4) approve forms of notice to Class Members; (5) mandate procedures and deadlines for exclusion requests and objections; and (6) set a date, time, and place for a final approval hearing.

Class certification for purposes of settlement is appropriate under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3). The proposed Classes are so numerous that the joinder of all Class Members is impracticable; there are questions of law or fact common to the proposed Classes; the proposed Class Representative's claims are typical of those of the Classes; and the proposed Class Representative will fairly and adequately protect the interests of the proposed Classes. In addition, common issues of law and fact predominate over any questions affecting only

---

[2] Claims rates for such cases are estimated to range from 1% to 6% percent, given that not everyone who visits or accesses a website necessarily submits a claim.  *See, e.g.*, Pls.' Notice of Mot. and Mot. for Preliminary Approval of Class Action Settlement, *Shah v. Fandom, Inc.*, No. 3:24-cv-01062, ECF No. 71, at 2-3, 4 n.4, 7 (N.D. Cal. Oct. 16, 2025) ("Epiq expects there to be approximately 3,000-5,000 Approved Claims" out of the "estimated … 860,000 Settlement Class Members"); Pl.'s Notice of Mot. and Mot. for Preliminary Approval of Class Action Settlement, *Mirmalek v. Los Angeles Times Commc'ns, LLC*, No. 3:24-cv-1797, ECF No. 45, at 4 n.4 (N.D. Cal. Oct. 15, 2025) ("Kroll expects the claims rate to be between 1% to 6%. …. Therefore, Plaintiff has used the median claims rate (3.5%) for this estimate."); *see also* Bogdanovich Decl. ¶ 12.

individual members and a class action as proposed here is superior to other available methods for the fair and efficient adjudication of the controversy.

The Settlement is fair and reasonable and falls within the range of possible approval.  It is the product of extended arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case and all Settlement Class Members are treated fairly under the terms of the Settlement. Plaintiff, by and through his counsel, has conducted an extensive investigation into the facts and law relating to this matter as set forth below and in the accompanying Bogdanovich Declaration. While Plaintiff believes he could secure class certification and prevail on the merits at trial, success is not guaranteed, particularly given the uncertainty in the law surrounding the CIPA, and Defendant is prepared to vigorously defend this case and oppose class certification. The terms of the Settlement provide Settlement Class Members with meaningful compensation and meet or exceed the applicable standards of fairness. Accordingly, the Court should preliminarily approve the Settlement so that the Settlement Class Members can receive notice of their rights, and the claims administration process may begin.

## II.      PROCEDURAL AND FACTUAL BACKGROUND

On September 17, 2025, Plaintiff filed this putative class action alleging that Defendant disclosed its website users' guest record information and confidential communications to third parties Heap, Google, and Meta, without permission and in violation of Sections 631 and 632 of CIPA.  *See* Complaint, ECF No. 1 ("Compl.") ¶¶ 2-3.

The Parties engaged in motion practice and fully briefed Defendant's motion to dismiss Plaintiff's class action complaint. ECF Nos. 14, 21, 23. The Parties prepared for and argued the motion to dismiss. ECF No. 28. The Parties also engaged in formal discovery. Plaintiff drafted and served his first set of interrogatories and requests for production, and, in turn, Defendant served its responses and objections to these interrogatories and requests for production. Plaintiff also drafted and served third-party subpoenas on Google and Meta. Bogdanovich Decl. ¶ 7.

In short, both sides had a clear understanding of the strengths and weaknesses of their case. On April 9, 2025, the Parties, through their respective counsel, participated in a mediation with the Hon. Diane M. Welsh (Ret.), who is a neutral mediator affiliated with JAMS. The mediation lasted

approximately 6 hours. The Parties reached agreement on all material terms of a class action settlement and subsequently executed a term sheet.

## III.   TERMS OF THE SETTLEMENT

The key terms of the settlement and its administration are summarized in an appendix in accordance with this Court's standing order for civil cases and the Northern District of California's Procedural Guidelines for Class Action Settlements. *See* Bogdanovich Decl., Ex. 3.

## IV.   PRELIMINARY APPROVAL IS APPROPRIATE

"The Ninth Circuit maintains a strong judicial policy that favors the settlement of class actions." *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 966 (N.D. Cal. 2019) (internal quotations and citation omitted).  "[I]n the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

Because the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide complete victory, given that parties to a settlement "benefit by immediately resolving the litigation and receiving some measure of vindication for [their] position[s] while foregoing the opportunity to achieve an unmitigated victory." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 347 (N.D. Ill. 2010) (internal quotations and citation omitted).  "[V]oluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation[.]" *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983); *see also Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (affirming district court's certification of class settlement); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (same).

"At the preliminary approval stage, the settlement need only be potentially fair." *Uschold v. NSMG Shared Servs., LLC*, 333 F.R.D. 157, 169 (N.D. Cal. 2019) (internal quotations and citation omitted); *see also Class Plaintiffs*, 955 F.2d at 1276 ("Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the universally applied

standard is whether the settlement is fundamentally fair, adequate and reasonable.") (internal quotations and citation omitted). "Preliminary approval is thus appropriate if the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Uschold*, 333 F.R.D. at 169 (internal quotations and citation omitted).

### A.     The Proposed Settlement Is Fair, Reasonable, and Adequate

Rule 23(e) provides that "the claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement--may be settled, … only with the court's approval." Fed. R. Civ. P. 23(e). "The parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class," and if, upon reviewing that information, the court concludes that is likely "to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal," then the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." *Id.* This is the "preliminary approval" decision that Plaintiff now asks the Court to make. *See* Fed. R. Civ. P. 23, Adv. Comm. Notes to 2018 Amendment.

"The primary concern of [Rule 23(e)] is the protection of th[e] Class Members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." *Officers for Justice*, 688 F.2d at 624. The Court may approve a settlement agreement "after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In analyzing a class settlement, courts in the Ninth Circuit examine

> a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Linney*, 151 F.3d at 1242 (internal citation omitted).

Approval of a class action settlement requires a two-step process: preliminary approval followed by a later, final approval. *See West v. Circle K Stores, Inc.*, 2006 WL 1652598, at *2 (E.D. Cal. June 13, 2006) ("[A]pproval of a class action settlement takes place in two stages."). At the preliminary approval stage, the court "evaluate[s] the terms of the settlement to determine whether they are within a range of possible judicial approval." *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009). Although "[c]loser scrutiny is reserved for the final approval hearing[,]" *Harris v. Vector Mktg. Corp.*, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011), "the showing at the preliminary approval stage—given the amount of time, money and resources involved in, for example, sending out new class notices—should be good enough for final approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016).

### 1. The Strength of Plaintiff's Case

Given the heavy obstacles and inherent risks Plaintiff faces with respect to his claims, the substantial benefits that the Settlement provides favor preliminary approval of the Settlement. While Plaintiff believes he would likely prevail on his claims and obtain class certification and summary judgment in his favor, there are risks.

As an initial matter, obtaining and maintaining a class action may prove difficult. Even if Plaintiff prevailed at the motion to dismiss and also at class certification, Defendant may have filed a motion for summary judgment raising numerous arguments including that Plaintiff and the Class Members consented to the sharing of their information by agreeing to Defendant's Privacy Notice and Terms & Conditions. Bogdanovich Decl. ¶ 18. There is substantial risk at summary judgment. For example, in *Torres v. Prudential Fin., Inc.*, No. 22-cv-7465-CRB, after granting class certification for privacy claims under the CIPA, 2024 WL 4894289 (N.D. Cal. Nov. 26, 2024), the court nevertheless granted the defendants' motion for summary judgment, 2025 WL 1135088 (N.D. Cal. Apr. 17, 2025).

Even if the facts are uncontroverted, judicial opinions are not. Courts remain divided on key legal issues underlying Plaintiff's claims, which may foreclose recovery entirely.

First, Defendant has argued that Plaintiff consented to its Privacy Notice through its cookie banner and again at checkout by acknowledging his agreement to Venetian's "Terms &

Conditions." Def.'s Mot. to Dismiss, ECF No. 14 (the "MTD"), at 9-11. While Plaintiff maintains that Defendant's disclosures were not reasonably conspicuous nor provided unambiguous assent under Ninth-Circuit case law, *see*, *e.g.*, *Quamina v. JustAnswer LLC*, 721 F. Supp. 3d 1026, 1033 (N.D. Cal. 2024), *aff'd sub nom. Godun v. JustAnswer LLC*, 135 F.4th 699 (9th Cir. 2025) (rejecting consent argument in a case where users did not unambiguously assent to terms by their continued use of a website where an "I agree" "box was already checked [when the page loaded], meaning the plaintiffs were not required to check the box themselves before proceeding"), Defendant is represented by qualified counsel, and defendants in similar CIPA cases have prevailed on consent arguments. *See, e.g.*, *Snyder v. G6 Hosp. LLC*, 2025 WL 2426613, at *5 (C.D. Cal. Aug. 18, 2025) ("Plaintiff consented to the Privacy Policy, which disclosed Defendant's alleged actions, and therefore cannot state a claim under the California Invasion of Privacy Act because that statute imposes liability only for interception without the consent of all parties.") (internal citations omitted); *L.B. v. LinkedIn Corp.*, 2025 WL 2899514, at *11 (N.D. Cal. Oct. 10, 2025) ("Considering the specificity of the disclosures in Spring Fertility's policies, the Court finds J.S. failed to plead facts sufficient to show a reasonable expectation that this data would not be shared.").

Second, as a court in this District recently noted, "[c]ourts ... have been all over the map on the issue" as "how to apply the transit requirement to instantaneous internet communications[.]" *Doe v. Eating Recovery Ctr. LLC,* 806 F. Supp. 3d 1109, 1116 (N.D. Cal. 2025). Indeed, Defendant raised this issue as an additional basis for dismissal of the Section 631 claim. *See* MTD at 2, 15.

Third, Defendant has argued that the communications at issue are not "confidential" within the meaning of Section 632. Many courts have applied a presumption that Internet-based communications are *not* confidential. *See*, *e.g.*, *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019). While Plaintiff believes he would overcome that presumption, there is no guarantee that Plaintiff can show users had a reasonable expectation of privacy, particularly if the Court finds that users had notice of Venetian's Privacy Notice, which arguably discloses the alleged data collection and sharing.

If necessary, Defendant planned to mount these challenges through appeal. Thus, to say Plaintiff's claims carry risk is an understatement. When considering the "vagaries of litigation," the "significance of immediate recovery by way of the [proposed] compromise" is much preferable "to the mere possibility of relief in the future, after protracted and expensive litigation." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (internal quotations and citation omitted).  In such circumstances, courts have held it is "proper to take the bird in hand instead of a prospective flock in the bush." *Id.* (internal quotations and citation omitted).

In addition, the risks Plaintiff faces here were not just in the courtroom, but in the legislature. In early 2025, several California legislators proposed Senate Bill 690, which sought to add a retroactive, "commercial business purposes" exception to multiple provisions of the CIPA, including CIPA § 631 and 632. Although the bill remains pending, the California Senate voted unanimously in favor of the bill. Thus, there remains a considerable possibility that Plaintiff could have prevailed in court only to have Defendant snatch victory from the jaws of defeat in the legislature, if Plaintiff did not settle now.

As such, "settlement is favored where, as here, significant procedural hurdles remain, including class certification and an anticipated appeal." *Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *4 (N.D. Cal. June 27, 2014). "Avoiding such unnecessary and unwarranted expenditure of resources and time would benefit all parties, as well as the Court." *Id.* Moreover, approval would allow Plaintiff and the Settlement Class Members to receive meaningful and significant payments now, instead of years from now or never. In short, the result here is exceptional in comparison to other CIPA cases—or, at the very least, is certainly fair, reasonable, and adequate—and warrants Court approval.

### 2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation

In absence of settlement, it is certain that the expense, duration, and complexity of the protracted litigation that would result would be substantial. The Parties would have to undergo class certification, trial, and an anticipated appeal. *See* Bogdanovich Decl. ¶¶ 17-18. As courts have

noted, the "risk, expense, complexity, and likely duration of further litigation" are "probable costs, in both time and money, of continued litigation[,]" that the Settlement would allow the Parties to avoid. *Ching*, 2014 WL 2926210, at *4 (internal quotation and citation omitted). As such, the immediate and considerable relief provided to the Settlement Classes under the Settlement Agreement weighs heavily in favor of its approval compared to the inherent risk and delay of a long and drawn-out class certification, trial, and appeal. Continued protracted and expensive litigation is not in the interest of any of the Parties or Settlement Class Members.

### 3. The Risk of Maintaining Class Action Status Throughout the Trial

Class certification is far from assured. *See In re Meta Pixel Tax Filing Cases Meta Platforms, Inc.*, 2026 WL 1025741, at *8, *12 (N.D. Cal. Mar. 30, 2026) (plaintiffs failed to satisfy Rule 23(b)(3)'s predominance requirement); *see also Frasco v. Flo Health, Inc.*, 349 F.R.D. 557 (N.D. Cal. 2025) (finding that commonality and predominance were not found for the CIPA § 631 claim). As noted above, even where a contested motion for class certification in a CIPA case been granted, there is significant risk at summary judgment. *See Torres v. Prudential Fin., Inc.*, 2025 WL 1135088, at *7 (N.D. Cal. Apr. 17, 2025). Moreover, given the complexity of the issues and the amount in controversy, the defeated party would likely appeal any decision on the merits as well as on class certification. *See id.* Thus, this factor weighs in favor of granting preliminary approval of the Settlement.

### 4. The Amount Offered in Settlement

The Settlement in this case provides substantial material benefits to the Settlement Classes: $1,600,000 to be allocated between two non-reversionary settlement funds. The Booking Settlement Fund provides $931,713.50 from which Booking Settlement Class Members can claim a *pro rata* share, and the Browsing Settlement Fund provides $668,286.50 from which Browsing Settlement Class Members can claim a *pro rata* share. *See* Settl. ¶ 2.1(b). Discovery has shown the Booking Settlement Class is estimated to include 35,159 Persons and the Browsing Settlement Class is estimated to include 996,705 Persons. This compares favorably with other privacy settlements. *See* Bogdanovich Decl., Ex. 2.

For example, in *Shah v. Fandom, Inc.*, No. 3:24-cv-01062, ECF No. 90 (N.D. Cal. May 19, 2026), Judge Rita F. Lin recently finally approved a $1.2 million common fund class settlement in a case alleging a CIPA § 638.51 claim against Fandom, Inc. In that case, class counsel obtained a settlement that will "likely provide a recovery of $130-$216.67 per Settlement Class Member based on the expected number of Approved Claims." *Shah*, Pls.' Notice of Mot. and Mot. For Preliminary Approval of Class Action Settlement, ECF No. 71, at 4 (Dec. 16, 2025). Here, the $1,600,000 Total Settlement Fund is slightly larger than the $1,200,000 *Shah* settlement, and the projected cash recovery of $475.93 per Booking Settlement Class Member claim is greater.

Accordingly, this factor weighs heavily in favor of preliminary approval.

### 5.   The Extent of Discovery Completed and the State of the Proceedings

In order to competently assess their relative negotiating positions, the Parties exchanged formal discovery, including on issues such as the size and scope of the putative class, and certain facts related to the strength of Plaintiff's claims and Defendant's defenses. Plaintiff also served third-party subpoenas.

Further, there was a full briefing of Defendant's Motion to Dismiss. Thus, the Parties had sufficient information to assess the strengths and weaknesses of their claims and defenses in reaching the Settlement. Bogdanovich Decl. ¶¶ 7-8. Accordingly, this factor also weighs in favor of preliminary approval. *See Carlotti v. ASUS Computer Int'l*, 2019 WL 6134910, at *6 (N.D. Cal. Nov. 19, 2019) ("Class settlements are presumed fair when they are reached 'following sufficient discovery and genuine arms-length negotiation.'") (citations omitted).

### 6.   The Experience and Views of Counsel

Plaintiff is represented by attorneys who have substantial experience serving as counsel in numerous complex actions, generally, and privacy litigation in particular. Bogdanovich Decl. ¶¶ 25-29; *see also* Bogdanovich Decl., **Exhibit 4** (firm resume of Bursor & Fisher, P.A.).

Proposed Class counsel believe that the proposed Settlement is in the best interest of the Settlement Class Members because the Settlement Class Members will be provided an immediate payment instead of having to wait for lengthy litigation and any subsequent appeals to run their

course. As such, Proposed Class Counsel fully endorse the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Classes. *Id.* ¶ 14.

Further, given Proposed Class Counsel's extensive experience litigating similar class action cases in federal and state courts across the country, including other cases under the CIPA, this factor also weighs in favor of granting preliminary approval. *See id.* ¶ 29; *see also Nat'l Rural Telecommunications Coop.*, 221 F.R.D. at 528 ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.") (internal quotations omitted).

### 7. The Presence of a Governmental Participant

No governmental agency is involved in this litigation, but the Attorney General of the United States and Attorneys General of each State will be notified of the proposed Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, and will have an opportunity to raise any concerns or objections. Settl. ¶ 4.1(h).

### 8. The Reaction of the Class Members to the Proposed Settlement

The Settlement Classes have yet to be notified of the Settlement and given an opportunity to object, so it is premature to assess this factor. Before the Final Approval Hearing, the Court will receive and be able to review all objections or other comments received from Settlement Class Members, along with a full accounting of all requests for exclusion.

### 9. The Settlement Was the Product of Arm's-Length Negotiations

In addition to the above factors, the Court also must be satisfied that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011) (cleaned up). Here, there are no indicia of collusion. When negotiations began, Plaintiff had a clear view of the strengths and weaknesses of his case and was in a strong position to make an informed decision regarding the reasonableness of a potential settlement. *See* Bogdanovich Decl. ¶¶ 7-8.

The Parties engaged in arm's length negotiation and, on April 9, 2026, the Parties participated in a mediation with the Hon. Diane M. Welsh (Ret.), who is a neutral mediator affiliated with JAMS. The mediation lasted approximately 6 hours. Bogdanovich Decl. ¶ 9; *see also Villegas v. J.P. Morgan Chase & Co.*, 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (use of mediator "tends to support the conclusion that the settlement process was not collusive"). There is no indication of collusion or fraud in the settlement negotiations, and none exists.

**B.    Conditional Certification of the Rule 23 Class Is Appropriate**

Rule 23(a) imposes four prerequisites for a class action: (1) the class is so numerous that a joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy).  Fed. R. Civ. P. 23(a); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010).

Under Rule 23(b), a plaintiff must show (1) that common factual and legal issues predominate over individual questions and (2) that a class action is the best method to resolve the class claims.  Fed. R. Civ. P. 23(b)(3). There are several relevant factors to consider during this analysis: (1) the class members' interest in individually controlling the prosecution or defense of separate actions, (2) the extent and nature of any litigation concerning the controversy already begun by or against class members, (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (4) the likely difficulties in managing a class action.  Fed. R. Civ. P. 23(b)(3)(A)-(D).

The Settlement Classes meet the requirements of Rule 23 and, accordingly, the Court should direct notice informing Settlement Class Members that the Court "likely will be able to" certify the Settlement Classes for purposes of judgment on the appeal. Fed. R. Civ. P. 23(e)(1)(B). Notably, "[i]n deciding whether to certify a litigation class, a district court must be concerned with manageability at trial. However, such manageability is not a concern in certifying a settlement class where, by definition, there will be no trial." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539,

556-57 (9th Cir. 2019). Moreover, "Rule 23 provides courts the discretion to modify orders granting or denying class certification prior to a final judgment." *In re Lithium Ion Batteries Antitrust Litig.*, 2018 WL 4215573, at *3 (N.D. Cal. Sept. 4, 2018) (citing Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment")); *accord Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592, 619 (6th Cir. 2007) ("district courts have broad discretion to modify class definitions"); *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) ("[d]istrict courts are permitted to limit or modify class definitions to provide the necessary precision").

### 1.    The Settlement Classes Are Sufficiently Numerous

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Based on Defendant's records, the Booking Settlement Class is estimated to include 35,159 persons and the Browsing Settlement Class is estimated to include 996,705 persons. Settl., at 2 n.1. As such, joinder of all Settlement Class Members would be impractical, to say the least. Thus, the settlement class is sufficiently numerous.

### 2.    There Are Common Questions of Law and Fact

The commonality requirement is satisfied if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "This does not, however, mean that every question of law or fact must be common to the class; all that Rule 23(a)(2) requires is a single significant question of law or fact." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013), *cert. denied*, 574 U.S. 815 (2014) (emphasis and internal quotation marks omitted); *see also Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) (characterizing commonality as a "limited burden," stating that it "only requires a single significant question of law or fact"). Proof of commonality under Rule 23(a) is less rigorous than the related preponderance standard under Rule 23(b)(3). *See Mazza*, 666 F.3d at 589.

Here, there are many common issues of law and fact that affect the Classes uniformly and satisfy the commonality requirement, including but not limited to: whether Defendant violated CIPA §§ 631 and 632, whether Defendant sought or obtained Plaintiff and the proposed class

members' prior consent, and whether Plaintiff and the proposed class members are entitled to damages, reasonable attorneys' fees, pre-judgment interest and costs of this suit. Compl. ¶ 93.

### 3. The Class Representative's Claims Are Typical of Those of Other Settlement Class Members

Rule 23(a)(3) requires that the Class Representative's claims be typical of those of the Class. The typicality requirement of Rule 23 is satisfied if the claim of the named class representative arises "from the same … course of conduct that gives rise to the claims of the unnamed class members … to bring individual actions." *Thomas v. Baca*, 231 F.R.D. 397, 401 (C.D. Cal. 2005); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (describing standard for typicality as "permissive"; claims typical if "reasonably co-extensive with those of absent Class Members" although "they need not be substantially identical."). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other Class Members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (internal quotation marks and citation omitted).

Here, Plaintiff's claims are typical of those of the Settlement Classes because Plaintiff, like the members of the respective Settlement Classes, visited the Website and allegedly had his confidential electronic communications intercepted and disclosed to the Third Parties. Compl. ¶ 94.

### 4. The Class Representative and Class Counsel Adequately Represent the Settlement Class Members

Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interests of the class," which requires that (1) the named Plaintiff does not have conflicts of interest with the proposed Class; and that (2) the named Plaintiff be represented by qualified and competent counsel. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 895 F.3d 597, 607 (9th Cir. 2018). "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Ellis*, 657 F.3d at 985; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) ("The adequacy inquiry under Rule

23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members.").

Plaintiff and his counsel are adequate. First, the proposed Class Representative does not have any conflicts of interest with the absent Settlement Class Members, as his claims are coextensive with those of the Settlement Class Members. *General Tel. Co. v. Falcon*, 457 U.S. 147, 157-58, n.13 (1982). Plaintiff has been involved in this litigation, allowing Class Counsel to effectively litigate this action and negotiate this Settlement. For example, Plaintiff communicated with Class Counsel and reviewed and approved the complaint. Bogdanovich Decl. ¶ 32.

Second, Proposed Class Counsel are qualified and experienced in conducting class action litigation, especially privacy cases including those involving the CIPA. *Id.* ¶¶ 26-30. Proposed Class Counsel vigorously prosecuted this action and will continue to do so through final approval. *See id.* ¶ 21. Proposed Class Counsel identified and investigated the claims in this lawsuit and the underlying facts and successfully negotiated this Settlement. *Id.* ¶ 20. *See also In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002) (a court evaluating adequacy of representation may examine "the attorneys' professional qualifications, skill, experience, and resources … [and] the attorneys' demonstrated performance in the suit itself").

### 5.    The Settlement Classes Meet the Requirements of Rule 23(b)(3) Because Common Issues of Law and Fact Predominate

In addition to the requirements of Rule 23(a), at least one of the prongs of Rule 23(b) must be satisfied. Rule 23(b)(3) allows certification of a class if the Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In the settlement context, the manageability criterion of Rule 23(b)(3)(D) does not apply. *Amchem*, 521 U.S. at 620.

" "[T]he capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation" predominate over any individual issues. *Wal-Mart Stores, Inc. v.*

*Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original) (internal citation omitted).  Here, Plaintiff alleges a common cause of action for the Settlement Classes, namely, that Defendant violated the CIPA by having aided, agreed with, employed, or otherwise enabled the Third Parties to eavesdrop on those confidential communications using the Third Parties' respective wiretaps on Defendant's Website.

Finally, if the proposed Settlement Agreement is approved, there will be no need for a trial, and thus manageability of the classes for trial is irrelevant.  *Amchem*, 521 U.S. at 620. A class settlement is superior to other methods of litigation where, as here, class treatment will promote greater efficiency and no realistic alternative exists.  *See Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001); *see also Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 448 (N.D. Cal. 2008).

## V.    THE PROPOSED NOTICE PROGRAM SHOULD BE APPROVED

"The court must direct notice in a reasonable manner to all Class Members who would be bound by the proposal." Fed. R. Civ. P. 23(c)(1). Federal Rule of Civil Procedure 23(c)(2) requires the Court to "direct to [C]lass [M]embers the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," although actual notice is not required. *See also Amchem*, 521 U.S. at 617; *Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53, 55 (1st Cir. 2004); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).  "The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113 (2d Cir.), *cert. denied*, 544 U.S. 1044 (2005). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see Wershba v. Apple Comput., Inc.*, 110 Cal.Rptr.2d 145, 167 (Ct. App. 2001) ("As a general rule, class notice must strike a balance between thoroughness and the need to avoid unduly complicating the content of the notice and confusing class members.").  The notice should provide sufficient information to allow Class Members to decide whether they should accept the

benefits of the settlement, opt out and pursue their own remedies, or object to its terms. *See Wershba*, 110 Cal.Rptr.2d at 167-68. "[N]otice is adequate if it may be understood by the average class member." *Warner v. Toyota Motor Sales, U.S.A.*, Inc., 2016 WL 8578913, at *14 (C.D. Cal. Dec. 2, 2016) (quoting 4 NEWBERG ON CLASS ACTIONS § 11:53, at p. 167 (4th ed. 2013)).

Subject to Court approval, the Parties have selected Epiq as the Settlement Administrator. The notice program agreed to by the Parties and approved by Epiq includes emails to **all** Settlement Class Members in the Booking Settlement Class, along with a follow up via mail in the event of "bounce-backs" and (2) publication notice in the form of a Detailed Media Plan designed to effectuate a reach of at least 70% of the target audience. The notice program will be coupled with methods to ensure valid claims and weed out potentially fraudulent claims. Specifically, Epiq will use "EpiqShield$^{TM}$ … to prevent, detect, and provide in-depth analysis regarding possible fraudulent claims. EpiqShield$^{TM}$ uses numerous anti-fraud measures, extensive technology, and information security resources, including digital footprint monitoring and secure banking solutions." Azari Decl. ¶ 52. Additionally, Epiq will "conduct an analysis of Claim Forms by looking at numerous known indicators of indicia of fraud[,]" score its results to "identify whether each online Claim Form … has a high, medium, or low fraud score[,]" and "will work with counsel for the parties to review the results and assess whether categories of Claim Forms should be denied as fraudulent." *Id.*; *see also id.* ¶ 26.

This represents the best notice practicable, and similar notice programs have been approved by courts in this Circuit. *See Noll v. eBay, Inc.*, 309 F.R.D. 593, 605 (N.D. Cal. 2015) (approving notice primarily by email); *Stone v. Howard Johnson Int'l, Inc.*, 2015 WL 13648551, at *2 (C.D. Cal. June 15, 2015) (notice "by mail and/or email or, if no email address is available, … by regular mail to such persons' last known mailing address, and class notice will be provided to *all other potential class members by*" publication notice and paid online advertising) (emphasis added); *Abat v. Chase Bank USA, N.A.*, 2011 WL 13130637, at *6 (C.D. Cal. July 11, 2011) (approving notice to class via email and mail). The Notice (Exhibits B, C, and D to the Settlement Agreement) is clear, precise, informative, and meets all of the necessary standards. It includes information such as the case caption; a description of the Settlement Classes; a detailed description of the Settlement's

benefits and how to obtain them; a description of the claims and the history of the litigation; a description of the Settlement and the claims being released; the names of Proposed Class Counsel; a statement of the maximum amount of attorneys' fees that will be sought by Proposed Class Counsel; the amount Proposed Class Counsel will seek for the Class Representative Service Award; the Final Approval Hearing date; a description of Settlement Class Members' opportunity to appear at the hearing; a statement of the procedures and deadlines for requesting exclusion and filing objections to the Settlement; and the manner in which to obtain further information. This satisfies the notice required under Rule 23. *See Collins v. Cargill Meat Sols. Corp.*, 274 F.R.D. 294, 303 (E.D. Cal. 2011) ("A class action settlement notice 'is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'") (citing *Churchill Vill., LLC v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir. 2004)); s*ee also* Manual For Complex Litigation § 21.31-311 (4th ed. 2004) (Rule 23(c) notice designed to be a summary of the litigation and settlement to apprise class members of the right and opportunity to inspect the complete settlement documents, papers, and pleadings, noting that "referring class members to an Internet site for further information can provide complete access to a wide range of information about a class settlement").

The Notice Plan was reviewed and analyzed to ensure it meets the requisite due process requirements. Indeed, the program here is consistent with, and exceeds, other similar court-approved notice plans, the requirements of FRCP 23(c)(2)(B), and the Federal Judicial Center ("FJC") guidelines for adequate notice. As there is no alternative method of notice that would be more practicable here or more likely to notify Settlement Class Members, the proposed procedure for providing notice and the content of the Class Notice constitutes the best practicable notice to Settlement Class Members and complies with the requirements of due process.

## VI.    THE COURT SHOULD SET SETTLEMENT DEADLINES AND SCHEDULE A FINAL APPROVAL HEARING

In connection with preliminary approval, the Court must set a Final Approval Hearing date, dates for mailing the Notices, and deadlines for objecting to the Settlement and filing papers in support of the Settlement.  Plaintiff proposes the schedule set forth below.

| Event | Deadline |
| --- | --- |
| CAFA Notice pursuant to 28 U.S.C. § 1715(b) | Within 10 days of filing of motion for preliminary approval |
| Notice Date | 30 days after Preliminary Approval Granted |
| Applications for service award and Attorneys' Fees and Expenses | 25 days after Notice Date |
| Objection and Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 60 days after Notice Date |
| Final Approval Motion and response to any objections | 75 Days After Notice Date |
| Deadline to submit notices of appearance at the Final Approval Hearing | 75 Days After Notice Date |
| Claims Administrator submits declaration (1) stating the number of claims, requests for exclusion, and objections to date and (2) attesting that Notice was disseminated in a manner consistent with the Settlement Agreement or otherwise required by the Court. | 7 days before Final Approval Hearing |
| Final Approval Hearing | No sooner than 90 Days After Notice Date |
| Cash Payments Sent to Settlement Class Members | 45 Days After Effective Date |
| Service Award Issuance Date | Within 30 Days After Effective Date |

The Parties believe this proposed schedule will provide ample time and opportunity for Class Members to decide whether to request exclusion or object.

## VII.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Motion be granted and the Court enter an order substantially in the form attached hereto: (1) notifying Settlement Class Members that the Court is likely to certify the proposed Settlement Class; (2) preliminarily approving the proposed class action Settlement; (3) appointing Plaintiff as the Class Representative

and Plaintiff's counsel as Class Counsel; (4) appointing the notice and Settlement Administrator; (5) approving the class Notice and related Settlement administration documents; and (6) approving the proposed class settlement administrative deadlines and procedures, including the proposed Final Approval Hearing date and procedures regarding objections, exclusions, and submitting Claim Forms.

Dated:  June 24, 2026

**BURSOR & FISHER, P.A**.

By: */s/ Stefan Bogdanovich*

Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10106
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Kyle D. Gordon (*admitted pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: kgordon@bursor.com

*Attorneys for Plaintiff*