UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAX VASQUEZ,

          Plaintiff,

    v.

VENETIAN LAS VEGAS GAMING, LLC,

          Defendant.

Case No.  5:25-cv-07934-PCP

**ORDER REQUIRING ADDITIONAL DISCLOSURES**

Re: Dkt. No. 36

The unique nature of class actions warrants transparency, the highest regard for professional conduct, and confidence in class counsel and the vendors they oversee. To that end, counsel for the proposed settlement class is ordered to file, within 21 days, a supplemental declaration of the proposed settlement administrator describing:

1. Any money or thing of value the administrator will receive in connection with the settlement beyond the fee described in the preliminary approval papers, including interest or float on settlement deposits, payments from depository banks, and any revenue-sharing, ownership percentage, or markups on settlement services from payment, claims processing, social media, or other vendors;

2. Any fees class members or claimants could be charged by the administrator or its subcontractors in connection with the settlement, including interchange fees, dormancy fees, or retention of residual balances;

3. Whether data about visitors to the settlement website or other settlement class data will be shared with third parties not involved in administering the settlement, including via trackers or pixels;

4. Whether artificial intelligence will be used to administer the settlement either by the

administrator or subcontractors and, if so, what safeguards will ensure accuracy and lack of bias; and

5. A detailed fraud-prevention plan, including whether there will be real-time fraud reporting and assessments to detect if an unusual number of payments are being sent to linked accounts.

The Court also directs proposed class counsel to file, within 21 days, a declaration describing in detail what due diligence counsel performed regarding the proposed administrator's approach to each of the above issues, any potential conflict of interest or potential appearance of conflict of interest for counsel in the selection of the administrator or any vendor, bank, or other service used by the administrator (including any financial relationship with the administrator or any bank, vendor, or other service), and the basis for counsel's conclusion that the proposed administration arrangements serve the best interests of the settlement class.

**IT IS SO ORDERED.**

Dated: June 25, 2026

_____
P. Casey Pitts
United States District Judge