# ADDENDUM TO AGREEMENT

This addendum (the "Addendum") to the Class Action Settlement Agreement dated June 9, 2026 (the "Agreement"), to which this Addendum is attached, is made and entered into by and among Plaintiff Max Vasquez, individually and on behalf of the Settlement Classes ("Plaintiff"), and Defendant Venetian Las Vegas Gaming, LLC ("Defendant" or "Venetian"). Plaintiff and Defendant are collectively referred to herein as the "Parties." Capitalized terms used but not otherwise defined in this Addendum have the meanings assigned to them in the Agreement.

## RECITALS

**WHEREAS**, on June 9, 2026, the Parties entered into the Agreement to resolve the claims asserted in the action captioned *Vasquez v. Venetian Las Vegas Gaming, LLC*, No. 5:25-cv-07934-PCP (N.D. Cal.) (the "Action");

**WHEREAS**, on June 24, 2026, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement (the "Motion") [ECF No. 36], attaching the Agreement and its exhibits;

**WHEREAS**, Paragraph 10.12 of the Agreement provides that the Agreement "may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest";

**WHEREAS**, on August 14, 2026, the Court issued its Order Re: Motion for Preliminary Approval of Class Action Settlement [ECF No. 43] (the "Order"), in which the Court stated that it "believes that the proposed class action settlement, class notice, and proposed schedule should be modified" in certain respects "in order to justify granting preliminary approval[,]" including but not limited to that: (1) Paragraph 4.3 of the Agreement should be modified to remove subsection (7) and the second-to-last and last sentences of that paragraph, and to modify subsection (6) as set forth in the Order; (2) Paragraph 4.4 of the Agreement should be modified to remove the sentence beginning "So-called 'mass' or 'class' opt-outs"; and (3) the deadline for filing the motion for final approval should be twenty-five (25) days after the Notice Date;

**WHEREAS**, the Order further states that "[i]f the parties agree to make these changes to the proposed settlement, they may either file a complete amended settlement or an addendum to the original settlement setting forth the changes to the settlement and the parties' agreement thereto" and that "[a]ny document so filed should be signed by all necessary parties and counsel";

**WHEREAS**, the Parties agree to the modifications required by the Order and desire to amend the Agreement accordingly, as set forth below;

**WHEREAS**, consistent with the Order, the Parties have revised the proposed class notice documents to reflect, *inter alia*, an estimated claims rate of twenty percent (20%) for the Booking Settlement Class and ten percent (10%) for the Browsing Settlement Class, and such revised notice documents are attached hereto as **Exhibits B-D**;

**NOW, THEREFORE**, in consideration of the above recitals and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

1. Paragraph 4.3 of the Agreement is hereby amended as set forth below (deleted text shown in ~~red strikethrough~~; added text shown in double underline; no other changes to Paragraph 4.3 are made):

> Any Settlement Class Member who intends to object to this Agreement must present on a timely basis pursuant to the Court's anticipated Order preliminarily approving the settlement the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) a statement that he or she believes himself or herself to be a member of the Booking Settlement Class or the Browsing Settlement Class; (3) an explanation of the basis upon which the objector claims to be a Booking Settlement Class Member and/or Browsing Settlement Class Member; (4) whether the objection applies only to the objector, to a specific subset of the objector's respective class, or to the entirety of the objector's class; (5) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (6) to the best of his or her ability, a description of the number of times the objector has objected to a class action settlement within the five years preceding the date of the objection and the name of each case in which the objector has objected; ~~a description of the number of times the objector has objected to a class action settlement within the five years preceding the date of the objection, the caption of each case in which the objector has objected, and a copy of any orders related to or ruling upon the prior objections that were issued by the trial and appellate courts in each listed case; (7) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys");~~ and (7) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). ~~If a Settlement Class Member or any of the Objecting Attorneys has objected to any other class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement, the Final Order, or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.~~

2. Paragraph 4.4 of the Agreement is hereby amended to strike the following sentence in its entirety (deleted text shown in ~~strikethrough~~; no other changes to Paragraph 4.4 are made):

~~So-called "mass" or "class" opt-outs shall not be allowed.~~

3. The schedule set forth in Paragraph 4.7 of the Agreement is hereby as follows (deleted text shown in ~~red strikethrough~~; added text shown in double underline; no other changes to Paragraph 4.7 are made):

| EVENT | PROPOSED DEADLINE |
|---|---|
| Deadline to Provide Settlement Administrator with Class List | 14 Days After Preliminary Approval Order |
| Notice Date | 30 Days After Preliminary Approval Order |
| Motion for Attorneys' Fees | 25 Days After Notice Date |
| Claims Deadline | 60 Days After Notice Date |
| Objection/Exclusion Deadline | 60 Days After Notice Date |
| Motion for Final Approval | ~~75~~ 25 Days After Notice Date |
| Responses to Plaintiff's Motions for Final Approval, Attorneys' Fees and Costs, and Service Award | November 12, 2026 |
| Reply in Support of Plaintiff's Motions for Final Approval, Attorneys' Fees and Costs, and Service Award | November 19, 2026 |
| Final Approval Hearing | ~~Not sooner than 90 Days After Notice Date~~ 10:00 a.m. on December 3, 2026 |
| Cash Payments Sent to Settlement Class Members | 45 Days After Effective Date |

4. Consistent with the Order, the Parties shall submit to the Court a revised [Proposed] Order Granting Preliminary Approval of Class Action Settlement reflecting the modifications set forth in this Addendum, including incorporation of the modifications required by the Order into Paragraphs 23 and 24 of the proposed order, and providing that: (a) Plaintiff shall file the motion for final approval within twenty-five (25) days of the Notice Date; (b) any responses to Plaintiff's motions for final approval, attorneys' fees and costs, and service award shall be filed by November 12, 2026; (c) any reply in support of those motions shall be filed by November 19, 2026; and (d)

the hearing on Plaintiff's motions shall be held at 10:00 a.m. on December 3, 2026. To the extent the modifications set forth in this Addendum require changes to the proposed class notice documents, the Parties shall also file updated versions of those documents.

5. Consistent with the Order, the Parties have revised the class notice documents attached as Exhibits B, C, and D to the Agreement to reflect the estimated claims rates set forth above. The revised notice documents, attached hereto as Exhibits B-D, supersede and replace the corresponding notice exhibits to the Agreement.

6. Except as specifically set forth herein, the Agreement remains in full force and effect.

7. This Addendum may be executed in any number of counterparts, each of which shall be an original, but all of which together shall be deemed to constitute one instrument. Delivery of an executed counterpart of a signature page by facsimile, electronic mail, or other electronic transmission shall be effective as delivery of a manually executed counterpart of this Addendum.

[*Signature Pages to Follow*]

**IN WITNESS WHEREOF**, the Parties have executed this Addendum as of August 21, 2026.

**ACCEPTED AND AGREED** by each of the signing parties below, who each warrant and represent that they have read and understand the foregoing Addendum and are entering into the foregoing Addendum voluntarily and without any duress or undue influence, and that each had the opportunity to consult with legal counsel of their own choosing before signing:

Dated: Aug 24, 2026

**Max Vasquez**

By: Max Vasquez
Max Vasquez (Aug 24, 2026 08:39:30 PDT)
Max Vasquez, individually and as representative of the Classes

Dated: AUGUST 24, 2026

**Venetian Las Vegas Gaming, LLC**

By: Calvin Siemer
Name: CALVIN SIEMER
Title: CHIEF LEGAL OFFICER

Dated: Aug 21, 2026

**Bursor & Fisher, P.A.**

By: Philip Fraietta
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10106
Telephone: (914) 874-0708
Email: pfraietta@bursor.com

*Class Counsel*

Dated: Aug 21, 2026

**Hunton Andrews Kurth LLP**

By: Jason J. Kim
Jason J. Kim (Aug 21, 2026 16:06:18 PDT)
Jason J. Kim
550 S. Hope Street, Suite 2000
Los Angeles, CA 90071
Telephone: (213) 532-2000
Email: kimj@huntonak.com

*Attorney for Defendant*

# Exhibit B

From: Administrator@venetianlasvegassettlement.com
To: JonQClassMember@domain.com
Re: Legal Notice of Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Vasquez v. Venetian Las Vegas Gaming, LLC*, Case No. 5:25-cv-07934
**(United States District Court for the Northern District Of California)**

**Our Records Indicate You [Made a Hotel Reservation On / Used] the Venetian Las Vegas Website and May Be Entitled to a Payment from a Class Action Settlement.**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendant, Venetian Las Vegas Gaming, LLC ("Venetian"), disclosed its website users' guest record information and confidential communications to third parties, without permission and in violation of Cal. Penal Code §§ 631-632 (the "California Invasion of Privacy Act" or "CIPA"). Venetian denies that it violated any law but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Settlement Class Member?**

Booking Settlement Class Members are all California residents who, while in California, during the period from September 18, 2024 through March 16, 2026, made a reservation for a Venetian hotel stay through the Venetian Las Vegas website (venetianlasvegas.com).

Browsing Settlement Class Members are all California residents who, while in California, during the period from September 18, 2024 through March 16, 2026, accessed and/or navigated the Venetian Las Vegas website (venetianlasvegas.com).

Our records indicate you may be a member of the [Booking Settlement Class and the Browsing Settlement Class / Browsing Settlement Class].

**What Can I Get?**

If approved by the Court, Venetian will establish:

- A Booking Settlement Fund of $931,713.50 to pay valid claims submitted by the Booking Settlement Class. The Booking Class claims rate is estimated to be 20 percent. If you are entitled to relief, you may submit a claim to receive a *pro rata* (meaning equal) share of the Booking Settlement Fund, estimated at approximately $71.39 per Booking Settlement Class Member.

- A Browsing Settlement Fund of $668,286.50 to pay valid claims submitted by the Browsing Settlement Class. The Browsing Class claims rate is estimated to be 10 percent. If you are entitled to relief, you may submit a claim to receive a *pro rata* (meaning equal)

share of the Browsing Settlement Fund, estimated at approximately $3.60 per Browsing Settlement Class Member.

Notice and administration expenses (the "Settlement Administration Expenses"), attorneys' fees and costs (the "Fee Award"), and an incentive award (the "Service Award") will be paid proportionally out of the Booking Settlement Fund and Browsing Settlement Fund.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [claims deadline]**. You can file a claim by clicking [here.] Your payment will come by check unless you elect to receive payment electronically by PayPal or Venmo.

**What are My Other Options?** You may exclude yourself from the Booking Settlement Class and/or Browsing Settlement Class by sending a written request to the Settlement Administrator no later than [**Date of objection/exclusion deadline**]. In your written request for exclusion, you must provide your name and address, a signature, the name and number of the case, and a statement that you wish to be excluded from the Booking Settlement Class and/or Browsing Settlement Class for purposes of this Settlement. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit.

Additionally, if you do not exclude yourself, you and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Any written objection must be filed no later than [**objection/exclusion deadline**]. The court can only approve or deny the settlement and cannot change the terms of the settlement.

Specific instructions about how to object to, or exclude yourself from, the Settlement Agreement are available at www.venetianlasvegassettlement.com. If you file a claim or do nothing, and the Court approves the settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to Venetian's alleged acts and/or omissions will be released.

**Who Represents Me?** The Court has appointed lawyers Philip L. Fraietta and Stefan Bogdanovich of Bursor & Fisher, P.A. to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at 10:00_a.m. on December 3, 2026 in Courtroom 8 at the Robert F. Peckham Federal Building & United States Courthouse, San José, California 95113. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for a Fee Award; and decide whether to award the Class Representative a Service Award of $5,000 paid proportionally from the Booking Settlement Fund and Browsing Settlement Fund for the Class Representative's service in helping to bring and settle this case. Defendant has agreed to allow Class Counsel to request reasonable attorneys' fees in an amount to be determined by the Court and to be paid proportionally from the Booking Settlement Fund and Browsing Settlement Fund. Class Counsel is entitled to seek no more than one-third of the total value of the Booking Settlement Fund and Browsing Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.venetianlasvegassettlement.com, contact the Settlement Administrator at 1-[ ]-[ ]-[ ] or Venetian Las Vegas Settlement Administrator, [address], or contact Class Counsel at info@bursor.com.

You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, Room 2112, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

# Exhibit C

COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

# OUR RECORDS INDICATE YOU HAVE [MADE A HOTEL RESERVATION ON / USED] THE VENETIAN LAS VEGAS WEBSITE AND MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

Venetian Las Vegas Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

Postal Service: Please do not mark barcode

XXX—«ClaimID» «MailRec»

«First1» «Last1»
«C/O»
«Addr1» «Addr2»
«City», «St» «Zip» «Country»

By Order of the Court Dated: [date]

A settlement has been reached in a class action lawsuit claiming that Defendant, Venetian Las Vegas Gaming, LLC ("Venetian"), disclosed its website users' guest record information and confidential communications to third parties, without permission and in violation of Cal. Penal Code §§ 631-632 (the "California Invasion of Privacy Act" or "CIPA"). Venetian denies that it violated any law but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Settlement Class Member?**

Booking Settlement Class Members are all California residents who, while in California, during the period from September 18, 2024 through March 16, 2026, made a reservation for a Venetian hotel stay through the Venetian Las Vegas website (venetianlasvegas.com).

Browsing Settlement Class Members are all California residents who, while in California, during the period from September 18, 2024 through March 16, 2026, accessed and/or navigated the Venetian Las Vegas website (venetianlasvegas.com).

Our records indicate you may be a member of the [Booking Settlement Class and the Browsing Settlement Class / Browsing Settlement Class].

**What Can I Get?**

If approved by the Court, Venetian will establish:

- A Booking Settlement Fund of $931,713.50 to pay valid claims submitted by the Booking Settlement Class. The Booking Class claims rate is estimated to be 20 percent. If you are entitled to relief, you may submit a claim to receive a *pro rata* (meaning equal) share of the Booking Settlement Fund, estimated at approximately $71.39 per Booking Settlement Class Member.

- A Browsing Settlement Fund of $668,286.50 to pay valid claims submitted by the Browsing Settlement Class. The Browsing Class claims rate is estimated to be 10 percent. If you are entitled to relief, you may submit a claim to receive a *pro rata* (meaning equal) share of the Browsing Settlement Fund, estimated at approximately $3.60 per Browsing Settlement Class Member.

Notice and administration expenses (the "Settlement Administration Expenses"), attorneys' fees and costs (the "Fee Award"), and an incentive award (the "Service Award") will be paid proportionally out of the Booking Settlement Fund and Browsing Settlement Fund.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [claims deadline]**. You may submit a Claim Form either electronically on the Settlement Website by visiting [www.venetianlasvegassettlement.com], or by printing and mailing in a paper Claim Form, copies of which are available for download at the Settlement Website. Your payment will come by check unless you elect to receive payment electronically by PayPal or Venmo.

**What are My Other Options?** You may exclude yourself from the Booking Settlement Class and/or Browsing Settlement Class by sending a written request to the Settlement Administrator no later than [**Date of objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. If you do not exclude yourself, you and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Any written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [www.venetianlasvegassettlement.com]. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to Defendant's acts and /or omissions will be released.

**Who Represents Me?** The Court has appointed lawyers Philip L. Fraietta and Stefan Bogdanovich of Bursor & Fisher, P.A. to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at 10:00 a.m. on December 3, 2026 in Courtroom 8 at the Robert F. Peckham Federal Building & United States Courthouse, San José, California 95113. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for a Fee Award; and decide whether to award the Class Representative a Service Award of $5,000 paid proportionally from the Booking Settlement Fund and Browsing Settlement Fund for the Class Representative's service in helping to bring and settle this case. The court can only approve or deny the settlement and cannot change the terms of the settlement. Defendant has agreed to allow Class Counsel to request reasonable attorneys' fees in an amount to be determined by the Court and to be paid proportionally from the Booking Settlement Fund and Browsing Settlement Fund. Class Counsel is entitled to seek no more than one-third of the total value of the Booking Settlement Fund and Browsing Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.venetianlasvegassettlement.com, contact the Settlement Administrator at 1- - - or Venetian Las Vegas Settlement Administrator, [address], or contact Class Counsel at info@bursor.com. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, Room 2112, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

Venetian Las Vegas Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

# Exhibit D

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
*Vasquez v. Venetian Las Vegas Gaming, LLC*, Case No. 5:25-cv-07934

**YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT, if you are a California resident who, while in California, during the period from September 18, 2024 through March 16, 2026: (1) accessed and/or navigated the Venetian Las Vegas website (venetianlasvegas.com), and/or (2) made a reservation for a Venetian hotel stay through the Venetian Las Vegas website (venetianlasvegas.com).**

***A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.***

A settlement has been reached in a class action lawsuit against Venetian Las Vegas Gaming, LLC ("Ventian"). The class action lawsuit claims that Venetian disclosed its website users' guest record information and confidential communications to third parties, without permission and in violation of Cal. Penal Code §§ 631-632 (the "California Invasion of Privacy Act" or "CIPA"). Venetian denies that it violated any law but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

- You are included in the Browsing Settlement Class if you are a California resident who, while in California, during the period from September 18, 2024 through March 16, 2026, accessed and/or navigated the Venetian Las Vegas website (venetianlasvegas.com).

- You are included in the Booking Settlement Class if you are a California resident who, while in California, during the period from September 18, 2024 through March 16, 2026, made a reservation for a Venetian hotel stay through the Venetian Las Vegas website (venetianlasvegas.com).

If approved by the Court, Venetian will establish:

- A Booking Settlement Fund of $931,713.50 to pay valid claims submitted by the Booking Settlement Class. The Booking Class claims rate is estimated to be 20 percent. If you are entitled to relief, you may submit a claim to receive a *pro rata* (meaning equal) share of the Booking Settlement Fund, estimated at approximately $71.39 per Booking Settlement Class Member.

- A Browsing Settlement Fund of $668,286.50 to pay valid claims submitted by the Browsing Settlement Class. The Browsing Class claims rate is estimated to be 10 percent. If you are entitled to relief, you may submit a claim to receive a *pro rata* (meaning equal) share of the Browsing Settlement Fund, estimated at approximately $3.60 per Browsing Settlement Class Member.

Notice and administration expenses (the "Settlement Administration Expenses"), attorneys' fees and costs (the "Fee Award"), and an incentive award (the "Service Award") will be paid proportionally out of the Booking Settlement Fund and Browsing Settlement Fund.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING BY DECEMBER 3, 2026** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## Basic Information

### 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable P. Casey Pitts, of the United States District Court for the Northern District Of California, is overseeing this case. The case is called *Vasquez v. Venetian Las Vegas Gaming, LLC*, Case No. 5:25-cv-07934. The person who has sued is called the Plaintiff. The Defendant is Venetian Las Vegas Gaming, LLC.

### 2. What is a class action?

In a class action, one or more people called the class representative (in this case, Max Vasquez) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

### 3. What is this lawsuit about?

This lawsuit claims that Venetian disclosed its website users' guest record information and confidential communications to third parties, without permission and in violation of Cal. Penal Code §§ 631-632 (the "California Invasion of Privacy Act" or "CIPA").

Venetian denies that it violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Settlement Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Classes?

**Booking Settlement Class** is defined as:

All California residents who, while in California, during the period from September 18, 2024 through March 16, 2026, made a reservation for a Venetian hotel stay through the Venetian Las Vegas website (venetianlasvegas.com).

**Browsing Settlement Class** is defined as:

All California residents who, while in California, during the period from September 18, 2024 through March 16, 2026, accessed and/or navigated the Venetian Las Vegas website (venetianlasvegas.com).

Together, the **Booking Settlement Class** and the **Browsing Settlement Class** are the **Settlement Classes**.

**Settlement Class Member** means a person who falls within the definition of one of the **Booking Settlement Class** or the **Browsing Settlement Class**, and who has not submitted a valid request for exclusion.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

If approved by the Court, Venetian will establish:

- A Booking Settlement Fund of $931,713.50 to pay valid claims submitted by the Booking Settlement Class.
- A Browsing Settlement Fund of $668,286.50 to pay valid claims submitted by the Browsing Settlement Class.

Notice and administration expenses (the "Settlement Administration Expenses"), attorneys' fees and costs (the "Fee Award"), and an incentive award (the "Service Award") will be paid proportionally out of the Booking Settlement Fund and Browsing Settlement Fund. *See* Question 13.

**7. How much will my payment be?**

- If you are a member of the Booking Settlement Class, may submit a claim to receive a *pro rata* (meaning equal) share of the Booking Settlement Fund, estimated at approximately $71.39 per Booking Settlement Class Member.

- If you are a member of the Browsing Settlement Class, you may submit a claim to receive a *pro rata* (meaning equal) share of the Browsing Settlement Fund, estimated at approximately $3.60 per Browsing Settlement Class Member.

The amount of payment will depend on how many of the Booking Settlement Class Members and Browsing Settlement Class Members file valid claims. Each Booking Settlement Class Member who files a valid claim will receive a proportionate share of the Booking Settlement Fund. Each Browsing Settlement Class Member who files a valid claim will receive a proportionate share of the Browsing Settlement Fund. You can contact Class Counsel to inquire as to the number of claims filed.

**8. When will I get my payment?**

The hearing to consider the fairness of the settlement is scheduled for December 3, 2026, at 10:00 a.m. If the Court approves the settlement, eligible Settlement Class Members whose claims were approved by the Settlement Administrator will receive their payment 45 days after the Settlement has been finally approved and/or any appeals process is complete. The payment will be made in the form of a check, unless you elect to receive payment by PayPal or Venmo, and all checks will expire and become void 180 days after they are issued.

## How to Get Benefits

**9. How do I get a payment?**

If you are a Settlement Class Member and you want to get a payment, you **must** complete and submit a Claim Form by [**Claims Deadline**]. Claim Forms can be found and submitted by clicking here [hyperlink], or by printing and mailing a paper Claim Form, copies of which are available for download here [hyperlink].

We encourage you to submit your claim online. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Settlement Classes?

If the settlement becomes final, you will give up your right to sue Venetian for the claims this settlement resolves. The Settlement Agreement describes the specific claims you are giving up against Venetian. You will be "releasing" Venetian and certain of its affiliates described in Section 1.29 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "Court Documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

### 11. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against Venetian for the claims being resolved by this settlement.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

The Court has appointed Philip L. Fraietta and Stefan Bogdanovich of Bursor & Fisher, P.A. to be the attorneys representing the Settlement Classes. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 13. How will the lawyers be paid?

Class Counsel's attorneys' fees, costs, and expenses will be paid proportionally from the Booking Settlement Fund and Browsing Settlement Fund in an amount determined and awarded by the Court. Class Counsel is entitled to seek no more than one-third of the $1,600,000 total value of the Booking Settlement Fund and Browsing Settlement Fund, but the Court may award less than this amount.

The Court will also decide whether to award the Class Representative a Service Award of $5,000 paid proportionally from the Booking Settlement Fund and Browsing Settlement Fund for the Class Representative's service in helping to bring and settle this case. The Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver written request) stating clearly that you want to be excluded from the Settlement Class for the *Vasquez v. Venetian Las Vegas Gaming, LLC*, No. 5:25-cv-07934 settlement. Your letter or request for exclusion must also include your name and address, a signature, the name and number of this case, and a statement that you wish to be excluded from the Booking Settlement Class and/or Browsing Settlement Class for purposes of this Settlement. You must mail or deliver your exclusion request no later than [**objection/exclusion deadline**] to:

Venetian Las Vegas Settlement
0000 Street
City, ST 00000

### 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Venetian for the claims being resolved by this Settlement.

### 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

### 17. How do I object to the Settlement?

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Vasquez v. Venetian Las Vegas Gaming, LLC*, No. 5:25-cv-07934), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, and (c) be filed or postmarked on or before [**objection/exclusion deadline**].

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

**18. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Classes. Excluding yourself from the Settlement Classes is telling the Court that you do not want to be part of the Settlement Classes. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**19. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at 10:00 a.m. on December 3, 2026 in Courtroom 8 at the Robert F. Peckham Federal Building & United States Courthouse, San José, California 95113. The purpose of the hearing will be for the Court to determine whether to approve the settlement as fair, reasonable, adequate, and in the best interests of the Settlement Classes; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a Service Award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [www.venetianlasvegassettlement.com] or call [xxx-xxx-xxxx]. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

**20. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**21. May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Final Approval Hearing.

## GETTING MORE INFORMATION

**22. Where do I get more information?**

This Notice summarizes the settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.venetianlasvegassettlement.com. You may also write with questions to Venetian Las Vegas Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or contact Class Counsel at info@bursor.com, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, Room 2112, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.