**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAX VASQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VENETIAN LAS VEGAS GAMING, LLC,<br><br>Defendant. | Case No. 5:25-cv-07934-PCP<br><br>**~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AS MODIFIED**<br><br>Judge: Hon. P. Casey Pitts |

Before the Court is Plaintiff Max Vasquez's ("Plaintiff") Motion for Preliminary Approval of Class Action Settlement ("Motion"). Plaintiff and Defendant Venetian Las Vegas Gaming, LLC ("Venetian") have entered into a Class Action Settlement Agreement, dated June 9, 2026 ("Settlement Agreement"). Plaintiff and Defendant have also entered into an addendum to the Settlement Agreement ("Addendum"), dated August 21 and August 24, 2026. Having thoroughly reviewed the Settlement Agreement and Addendum, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, and good cause appearing, the Court hereby ORDERS as follows:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3. The Motion is GRANTED.

4. The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein pursuant to Fed. R. Civ. P. 23(e)(1). The Court finds that it will likely be able to approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2) and to certify the Booking Settlement Class and Browsing Settlement Class (together, the "Settlement Classes") for purposes of judgment on the proposed Settlement. The Court preliminarily finds that the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class Members under the relevant considerations. The Court finds that Plaintiff and Proposed Class Counsel have adequately represented and will continue to adequately represent the Settlement Classes. The Court further finds that the Settlement Agreement is the product of arms' length negotiations by the Parties through the use of an experienced mediator. The Court preliminarily finds that the relief provided—a non-reversionary common settlement fund of $1,600,000 (the "Total Settlement Fund"), comprised of a $931,713.50 Booking Settlement Fund and a $668,286.50 Browsing Settlement Fund—is adequate considering, *inter alia*, the costs, risks, and delay of trial and appeal, the alleged harm to Booking Settlement Class Members and Browsing Settlement

Class Members (together, the "Settlement Class Members"), and the proposed method of distributing payments to the Settlement Classes (i.e., direct payment via Venmo, PayPal, or check). The Court preliminarily finds that the Settlement Agreement treats the Settlement Class Members equitably relative to each other, and that the proposed allocation of settlement funds to Settlement Class Members is reasonable and equitable. Under the terms of the Settlement Agreement, all Settlement Class Members are eligible to submit a claim for a payment. The Court preliminarily finds that the payment allocation provided in the Settlement Agreement is reasonable and equitable.

5. The Court hereby provisionally certifies, for settlement purposes only, a "Booking Settlement Class," pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), consisting of: all California residents who, while in California, during the period from September 18, 2024 through March 16, 2026, provided personal information necessary to make a reservation for a Venetian hotel stay through the Venetian Las Vegas website (venetianlasvegas.com).

6. The Court also hereby provisionally certifies, for settlement purposes only, a "Browsing Settlement Class," pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), consisting of: all California residents who, while in California, during the period from September 18, 2024 through March 16, 2026, accessed and/or navigated the Venetian Las Vegas website (venetianlasvegas.com).

7. The Court finds that for settlement purposes only, the Settlement Classes, as defined above, meet the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiff's claims are typical of those of the Settlement Class Members; (4) Plaintiff and Proposed Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement, the Settlement Classes meet the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

8. Certification of the Settlement Classes shall be solely for settlement purposes and without prejudice to the Parties. In the event the Settlement Agreement is not finally approved

by this Court or otherwise does not take effect, the Parties preserve all rights and defenses regarding class certification.

9. The Court hereby appoints Plaintiff Max Vasquez as Class Representative to represent the Settlement Classes.

10. The Court hereby appoints the law firm of Bursor & Fisher, P.A. as Class Counsel for the Settlement Classes.

11. The Court hereby appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as Settlement Administrator and directs Epiq to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

Notice Program

12. Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed notice program set forth at Section 4 of the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Exhibits B, C, and D to the Addendum. The Court finds that the proposed notice program meets the requirements of Due Process under the U.S. Constitution and Rule 23; and that such notice program—which includes individual direct notice to known Settlement Class Members via email or mail, in the event that two email attempts fail or a known email address is not available for a Class Member; two reminder emails; a media and Internet notice program; and the establishment of a Settlement Website and Toll-Free Number—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form and content of the form of the notice is adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Classes, the right to object or opt out, and the proposed Settlement and its terms. The Court finds that the notice clearly and concisely states in plain, easily understood language, *inter alia*: (i) the nature of the Action; (ii) the definitions of the Settlement Classes; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Classes any member who timely and validly requests exclusion; (vi) the time and manner for requesting

exclusion; and (vii) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

13. The Court directs the Settlement Administrator and the Parties to implement the notice program as set forth in the Settlement Agreement.

14. Settlement Class Member Contact Information: Pursuant to the Settlement Agreement, Defendant shall provide the available contact information of every Settlement Class Member that it has in its possession to the Settlement Administrator.

15. Email Notice: By no later than thirty (30) days following the entry of this Preliminary Approval Order (hereinafter, the "Notice Date"), the Settlement Administrator shall issue the first Email Notice (substantially in the form attached as Exhibit B to the Addendum) to each Settlement Class Member whose email address is known to the Settlement Administrator.

16. Mail Notice: In the event that two email attempts fail, or a known email address is not available for a Settlement Class Member, for any Settlement Class Member for whom Venetian has a valid mailing address, the Settlement Administrator shall send a Mail Notice via the U.S. Postal Service to those Settlement Class Members. The Mail Notice will be substantially similar to the form attached as Exhibit C to the Addendum and will provide the web address of the Settlement Website and an email and mailing address to contact the Settlement Administrator. Venetian, through the Settlement Administrator, will provide the Mail Notice on or before thirty (30) calendar days after the Preliminary Approval Date.

17. Publication, Media, and Internet Notice. Notice shall be provided via a media and Internet notice program, including banner ads on Internet sites targeted to the Class. The media and Internet notice program shall commence as soon as practicable following the entry of this Order and, in all events, shall commence not later than the Notice Date.

18. Reminder Email Notice: Both thirty (30) days prior to the Claims Deadline and seven (7) days prior to the Claims Deadline, the Settlement Administrator shall issue a second and third round of Email Notices, substantially in the form attached as Exhibit B to the Addendum, to each Settlement Class Member that was sent the initial Email Notice.

19. Settlement Website: The Settlement Administrator shall establish and maintain

an Internet website ("Settlement Website"), where Settlement Class Members can obtain further information about the terms of the Settlement Agreement, their rights, important dates and deadlines, and related information. Settlement Class Members shall also be able to submit Claim Forms electronically via the Settlement Website. The Settlement Website shall include, in PDF format, the Complaint in this Action, the Settlement Agreement, the long-form notice substantially in the form attached as Exhibit D to the Addendum, this Preliminary Approval Order, Settlement Class Counsel's fee and cost application (after it is filed), and other case documents as agreed upon by the Parties and/or required by the Court, and shall be operational and live by no later than one day before the media and Internet notice program is disseminated. The Settlement Website shall be optimized for display on mobile phones. The Settlement Website shall remain operational until at least three months after the date the Settlement becomes Effective.

20. Toll-Free Number: The Settlement Administrator shall establish and maintain a toll-free telephone number ("Toll-Free Number") where Settlement Class Members can obtain further information about the Settlement Agreement and their rights, and request that a hard copy Claim Form or long-form notice be mailed to them. The Toll-Free Number shall be operational and live by no later than one day before the first Mail Notice or Email Notice is disseminated and shall remain operational until at least three months after date the Settlement becomes Effective.

21. At least seven (7) calendar days prior to the final approval hearing, Class Counsel shall prepare or cause the Settlement Administrator to prepare a list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class (the "Opt-Outs"), and Class Counsel shall file that list with the Court.

Claims Procedure

22. The Court approves the form and content of the proposed Claim Form, in the form attached as Exhibit A to the Settlement Agreement, approves the Claims Process set forth in the Settlement Agreement for Settlement Class Members to submit Claims, and directs the Parties and the Settlement Administrator to implement the Claims Process.

Opt-Out and Objection Procedures

23. Settlement Class Members may exclude themselves from the Settlement Classes by mailing to the Settlement Administrator a request for exclusion that is postmarked or emailed no later than 60 days after the Notice Date (the "Exclusion/Objection Deadline"). To be effective, the request for exclusion must include: (a) the Settlement Class Member's full name and mailing address; (b) a clear statement that the Settlement Class Member wishes to be excluded from the Booking Settlement Class and/or Browsing Settlement Class for purposes of the Settlement; (c) the name and number of this Action; and (d) the Settlement Class Member's signature or a signature of an individual authorized to act on his or her behalf. Any Settlement Class Member who submits a timely and valid request for exclusion is foreclosed from objecting to the Settlement or to Class Counsel's motion for attorneys' fees, costs, and service awards. If a Settlement Class Member submits both a timely and valid request for exclusion and an objection, the Settlement Class Member shall be treated as if they had only submitted a request for exclusion. Any Settlement Class Member who does not submit a timely and valid request for exclusion in accordance with this paragraph shall be bound by the Final Order and Judgment if and when it is entered. The Settlement Administrator shall provide copies of all timely and valid requests for exclusion to Class Counsel and Defendant's Counsel.

24. Any Settlement Class Member who does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Class Counsel's motion for attorneys' fees, costs, or service awards. To be considered valid, an objection must be in writing, must be filed with or mailed to the Court, and filed with or mailed to the Court, at the address listed in the long-form notice, postmarked/filed no later than 60 days after the Notice Date (the "Exclusion/Objection Deadline"), and must include the following: (a) the objector's full name and mailing address; (b) a statement that he or she believes himself or herself to be a member of the Booking Settlement Class or the Browsing Settlement Class; (c) an explanation of the basis upon which the objector claims to be a Booking Settlement Class Member and/or Browsing Settlement Class Member; (d) whether the objection applies only to the objector, to a specific subset of the objector's respective class, or to the entirety of the objector's class; (e) all

grounds for the objection, including all citations to legal authority and evidence supporting the objection; (f) to the best of his or her ability, a description of the number of times the objector has objected to a class action settlement within the five years preceding the date of the objection and the name of each case in which the objector has objected; and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). Only objections that are submitted in accordance with this paragraph shall be heard by the Court. Any Settlement Class Member who does not timely submit an objection in accordance with this paragraph shall waive the right to object or to be heard at the final approval hearing and shall be forever barred from making any objection to the proposed Settlement or to Class Counsel's motion for attorneys' fees, costs, and service awards. Any Settlement Class Member who objects to the Settlement shall nevertheless be entitled to all benefits of the Settlement if it is approved and becomes final. The Settlement Administrator shall promptly after receipt provide copies of any objections, including any related correspondence, to Class Counsel and Defendant's Counsel.

**Final Approval Hearing**

25. The Court will hold a final approval hearing on December 3, 2026 at 10:00 a.m. in the United States District Court for the Northern District of California. The purposes of the final approval hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Action with prejudice and releasing the Released Parties of all claims stated in Section 1.23 of the Settlement Agreement; (iii) determine whether the Settlement Class should be finally certified; (iv) rule on Class Counsel's motion for attorneys' fees, costs and service award; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

26. By no later than 25 days after the Notice Date, Plaintiff and Class Counsel shall file their motion for final approval of the Settlement Agreement, and their motion for attorneys'

fees, costs, and service award. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

27. By no later than November 12, 2026, the Parties shall file any responses to Plaintiff's Motions for Final Approval, Attorneys' Fees and Costs, and Service Award. By no later than November 19, 2026, the Parties shall file any Reply in Support of Plaintiff's Motions for Final Approval, Attorneys' Fees and Costs, and Service Award.

28. The Court may, in its discretion, modify the date and/or time of the final approval hearing, and may order that this hearing be held remotely or telephonically. In the event the Court changes the date, time, and/or the format of the final approval hearing, the Parties shall ensure that the updated information is posted on the Settlement Website.

29. Only Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Preliminary Approval Order, may be heard at the final approval hearing.

30. If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and Other Administration Costs as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement.

31. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in the Action are hereby stayed and suspended until further order of this Court.

32. Pending final determination of whether the Settlement Agreement should be finally approved, Plaintiff and all Settlement Class Members are barred and enjoined from filing, commencing, prosecuting, or enforcing any action against the Released Parties insofar as such action asserts claims stated in section 1.30 of the Settlement Agreement, directly or indirectly, in

any judicial, administrative, arbitral, or other forum. This bar and injunction are necessary to protect and effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

33. This Preliminary Approval Order, the Settlement Agreement and Addendum thereto, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Defendant or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiff in the Action; (b) any liability, negligence, fault, or wrongdoing of Defendant or the Released Parties; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes.

34. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Release provided for in the Settlement Agreement.

35. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

36. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

37. The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

///

///

| **Event** | **Deadline** |
|---|---|
| Notice Date | 30 days after Preliminary Approval Granted |

| | |
|---|---|
| Applications for service award and Attorneys' Fees and Expenses | 25 days after Notice Date |
| Objection and Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 60 days after Notice Date |
| Final Approval Motion | 25 Days After Notice Date |
| Responses to Plaintiff's Motions for Final Approval, Attorneys' Fees and Costs, and Service Award | November 12, 2026 |
| Reply in Support of Plaintiff's Motions for Final Approval, Attorneys' Fees and Costs, and Service Award | November 19, 2026 |
| Deadline to submit notices of appearance at the Final Approval Hearing | 75 Days After Notice Date |
| Claims Administrator submits declaration (1) stating the number of claims, requests for exclusion, and objections to date and (2) attesting that Notice was disseminated in a manner consistent with the Settlement Agreement or otherwise required by the Court. | 7 days before Final Approval Hearing |
| Final Approval Hearing | 10:00 a.m. on December 3, 2026 |
| Cash Payments Sent to Settlement Class Members | 45 Days After Effective Date |
| Service Award Issuance Date | Within 30 Days After Effective Date |

**IT IS SO ORDERED.**

Date: August 26, 2026

HON. P. CASEY PITTS
UNITED STATES DISTRICT JUDGE